# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

EVA BENEDELOVA, *et al.*

        Plaintiffs,

v.

UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES, *et al.*

        Defendants.

Case No. 3:25-cv-00358-SLG

## ORDER ON MOTION TO REMAND

Before the Court at Docket 6 is Defendants United States Citizenship & Immigration Services ("USCIS"), Joseph B. Edlow**,** Director of USCIS, and Bear Dolbeare, USCIS Alaska Field Office Director's Motion to Remand Pursuant to 8 U.S.C. § 1447(b). Plaintiffs Eva Benedelova and Pavel Benedela responded in opposition at Docket 13, to which Defendants replied at Docket 14. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

Plaintiffs Eva Benedelova and Pavel Benedela are both citizens of the Czech Republic and legal permanent residents seeking naturalization to become U.S. citizens.[1] In preparation for filing their naturalization applications, Plaintiffs'

---

[1] Docket 1 at 4-5.

counsel checked State of Alaska voting records to confirm that Plaintiffs were not registered to vote.[2] Plaintiffs' counsel discovered that the records reflected that Plaintiffs had been registered to vote but had never voted. Plaintiffs promptly submitted cancellation requests on November 26, 2024 and sought an explanation from the State of Alaska.[3] On January 13, 2025, the Alaska Division of Elections confirmed that the registrations were the result of administrative errors by the Alaska DMV.[4] The letters stated:

> In researching how you were registered to vote, we found that you completed a transaction with the Department of Motor Vehicles (DMV) on September 29, 2022, in which you checked "No" to registering to vote and "No" to U.S. Citizen, however, an error occurred and your information from DMV was transferred to the Division of Elections and uploaded into our system as a request to register to vote. On July 22, 2024, you also had a DMV transaction changing your residence address, which uploaded your information to the Division of Elections in error as a request to maintain your registration and update your residence address. On November 27, 2024, the Division of Elections received your request to cancel your voter registration, and it was processed on November 27, 2024. Your voter record currently shows as inactive/cancelled and your written cancellation request was attached to your record.
>
> Our records also reflect that you do not have voter history in Alaska's elections. We apologize for the errors that resulted in you being registered without any error on your part.[5]

---

[2] Docket 1 at 5.

[3] Docket 1 at 5.

[4] Dockets 1-3, 1-4.

[5] Dockets 1-3, 1-4.

Case No. 3:25-cv-00358-SLG, *Benedelova, et al. v. United States Citizenship & Immigration Services, et al.*
Order on Motion to Remand
Page 2 of 9

On January 24, 2025, Plaintiffs filed their N-400 naturalization applications for U.S. citizenship and submitted the foregoing letters from the Division of Elections.[6] On August 5, 2025, Plaintiffs appeared for their naturalization interviews in Kodiak, where they passed the required English and civics examinations and testified consistently with their applications that they had never attempted to register to vote and had only recently learned of the erroneous registrations.[7] On September 2, 2025, USCIS approved Plaintiffs' applications,[8] and on November 12, 2025, Plaintiffs were notified that they had been placed in line for oath ceremonies.[9]

But on December 4, 2025, USCIS cancelled Plaintiffs' oath ceremonies.[10] The following day, USCIS issued Notices of Motion to Reopen, which stated:

> In the event that USCIS receives derogatory information concerning an applicant whose application has already been granted, but who has not yet taken the oath of allegiance, USCIS shall remove the applicant's name from any list of granted applications or of applicants scheduled for administration of the oath of allegiance, until such time as the matter can be resolved. . . .
>
> During your naturalization interview, you credibly testified that you were registered to vote in the State of Alaska without your consent. You denied ever falsely claiming to be a U.S. citizen to deceive the state's electoral authority that you were eligible to vote. . . .

---

[6] Docket 13 at 3.

[7] Docket 13 at 4.

[8] Docket 7 at 1.

[9] Dockets 1-5, 1-6, 13 at 5.

[10] Dockets 1-7, 1-8, 13 at 6.

Case No. 3:25-cv-00358-SLG, *Benedelova, et al. v. United States Citizenship & Immigration Services, et al.*
Order on Motion to Remand
Page 3 of 9

> USCIS initially found that you were eligible for naturalization under section 316(a) of the INA and approved your Form N-400 on September 2, 2025. After your Form N-400 was recommended for approval, but prior to verification of the grant, USCIS determined that additional evidence of your voter record is necessary to demonstrate you committed no unlawful act relating to electoral fraud (i.e., voter fraud).[11]

The letters also stated that false claims to U.S. citizenship could carry criminal penalties of up to five years' imprisonment and "render[] an applicant deportable" and required Plaintiffs to respond within 15 days or risk denial of their applications.[12]

Plaintiffs promptly responded by submitting further documentation, including Individual Voter Reports and additional letters from the Alaska Division of Elections again confirming that the voter registrations were entirely the result of state error and that Plaintiffs had never represented themselves as U.S. citizens.[13] Plaintiffs also submitted letters of support from their employer and Alaska state legislators attesting to their character, their importance to the Kodiak community, and the fact that they had never intended to register or vote in the United States.[14]

---

[11] Dockets 1-9 at 1-2, 1-10 at 1-2.

[12] Dockets 1-9 at 2, 1-10 at 2.

[13] Dockets 1-11, 1-12, 1-13, 13 at 8.

[14] Dockets 1 at 9-10, 1-14, 1-15.

Case No. 3:25-cv-00358-SLG, *Benedelova, et al. v. United States Citizenship & Immigration Services, et al.*
Order on Motion to Remand
Page 4 of 9

Case 3:25-cv-00358-SLG    Document 22    Filed 04/08/26    Page 4 of 9

On December 18, 2025, Plaintiffs initiated this action, alleging that "Defendants have now failed to make a final decision on Plaintiffs' naturalization application within 120 days of their August 5, 2025 citizenship interviews."[15] Plaintiffs request that this Court exercise its authority to "grant Plaintiffs' naturalization applications," in light of USCIS's failure to make determinations on their applications within 120 days of their interviews.[16] On February 11, 2026, Defendants moved to remand this matter to USCIS.[17]

## DISCUSSION

Defendants ask the Court to exercise its discretion and remand this matter to USCIS for adjudication, asserting that "the agency is uniquely suited to determine eligibility for naturalization" and "is prepared to issue a final decision within 7 days of the Court's order."[18] Defendants further contend that even "if [P]laintiffs' applications are ultimately denied, they are not without recourse," because Plaintiffs can seek judicial review of that denial after a hearing before an immigration officer.[19]

---

[15] Docket 1 at 4.

[16] Docket 1 at 4.

[17] Docket 6.

[18] Docket 6 at 5.

[19] Docket 6 at 6.

Case No. 3:25-cv-00358-SLG, *Benedelova, et al. v. United States Citizenship & Immigration Services, et al.*
Order on Motion to Remand
Page 5 of 9
Case 3:25-cv-00358-SLG     Document 22     Filed 04/08/26     Page 5 of 9

Plaintiffs respond that remanding to the agency would expose them to "extraordinary prejudice" because, under new USCIS policy, the denial of their applications could trigger deportation proceedings that could bar their naturalization and would result in the delay of any judicial review for years.[20] Plaintiffs further assert that remand is unnecessary because USCIS has no relevant expertise and has already reviewed and approved their applications based on what Plaintiffs maintain are undisputed facts.[21]

A lawful permanent resident alien is eligible for naturalization as a United States citizen if he or she (1) satisfies a five-year statutory residency requirement; (2) has resided continuously in the United States from the date of the application to the time of admission as a citizen; and (3) is of good moral character.[22] A person seeking naturalization must first file an application with the USCIS, after which a "USCIS employee is designated to 'conduct [an] examination[] upon [an] application[] for naturalization.'"[23] "After such an examination, the USCIS employee must 'make a determination as to whether the application should be granted or denied, with reasons therefor.'"[24]

---

[20] Docket 13 at 9-13.

[21] Docket 13 at 13-14.

[22] *See* 8 U.S.C. § 1427(a).

[23] *Yith v. Nielsen*, 881 F.3d 1155, 1159 (9th Cir. 2018) (quoting 8 U.S.C. § 1446(b)).

[24] *Id.* (quoting 8 U.S.C. § 1446(d))

Case No. 3:25-cv-00358-SLG, *Benedelova, et al. v. United States Citizenship & Immigration Services, et al.*
Order on Motion to Remand
Page 6 of 9

Case 3:25-cv-00358-SLG    Document 22    Filed 04/08/26    Page 6 of 9

8 U.S.C. § 1447(b) provides that if USCIS fails to make a determination on a naturalization application within 120 days of the examination interview, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." Once the applicant invokes the district court's jurisdiction under § 1447(b), the district court then has "exclusive jurisdiction" to either determine the matter by granting or denying the application or it may remand the matter to USCIS.[25] "A central purpose of the statute was to reduce the waiting time for naturalization applicants."[26]

Here, the Court finds that remanding this case to USCIS is unwarranted. First, as Plaintiffs correctly highlight,[27] in their Answer, Defendants have denied in its entirety Plaintiffs' allegation that "[t]his Court should grant Plaintiffs' naturalization applications pursuant to 8 U.S.C. § 1447(b) because Plaintiffs meet all of the requirements for naturalization under the Immigration and Nationality Act, and therefore have a right to become naturalized citizens of the United States."[28]

---

[25] 8 U.S.C. § 1447(b); *see also Yith*, 881 F.3d at 1159; *United States v. Hovsepian*, 359 F.3d 1144, 1164 (9th Cir. 2004) ("Section 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority.").

[26] *Hovsepian*, 359 F.3d at 1163.

[27] Docket 17.

[28] Docket 16 at 7.

Case No. 3:25-cv-00358-SLG, *Benedelova, et al. v. United States Citizenship & Immigration Services, et al.*
Order on Motion to Remand
Page 7 of 9

While this is not an express admission that the agency would deny Plaintiffs' applications if the matter were remanded to the agency, viewed in light of USCIS's reversal of its prior approval, the Court finds that remand would serve only to further delay resolution of this matter. Requiring Plaintiffs to return to USCIS would add an additional layer of administrative review and delay, including a potential administrative appeal. "Congress gave the last word to the district courts for delayed or denied applications,"[29] and remand here would needlessly prolong the proceedings and undermine the statutory purpose of providing for the prompt determination of naturalization applications.

Second, the Court finds that no agency expertise is required to resolve the dispositive issue here. Defendants acknowledge that Plaintiffs "credibly testified that [they] were registered to vote in the State of Alaska without [their] consent."[30] Defendants further admit that Exhibits 11 and 12 to Plaintiffs' Complaint, which are Plaintiffs' Individual Voter Reports from the Division of Elections, demonstrate that Plaintiffs have never voted.[31] Finally, Defendants admit that "the agency received no additional derogatory information after Plaintiffs were interviewed."[32]

---

[29] *Hovsepian*, 359 F.3d at 1164.

[30] Dockets 1-9 at 2, 1-10 at 2.

[31] Dockets 16 at 5 (referencing Docket 1 at 8), 1-11, 1-12.

[32] Docket 16 at 5.

Case No. 3:25-cv-00358-SLG, *Benedelova, et al. v. United States Citizenship & Immigration Services, et al.*
Order on Motion to Remand
Page 8 of 9

Accordingly, it would appear that no further agency expertise is needed, and remand would serve no meaningful purpose.

For the foregoing reasons, Defendants' Motion to Remand at Docket 6 is DENIED.

IT IS SO ORDERED this 8th day of April, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00358-SLG, *Benedelova, et al. v. United States Citizenship & Immigration Services, et al.*
Order on Motion to Remand
Page 9 of 9

Case 3:25-cv-00358-SLG    Document 22    Filed 04/08/26    Page 9 of 9